```
          IN THE UNITED STATES DISTRICT COURT FOR
        THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                *
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,                     *

     Plaintiff,                 *

v.                              *      CIVIL NO.: WDQ-06CV-800

LJAX, INC., t/a SUBWAY          *

     Defendant.                 *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

The Equal Employment Opportunity Commission (the "EEOC") has sued LJAX Incorporated ("LJAX") for engaging in unlawful employment practices in violation § 703(a)(1) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-5(f)(1) and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).  Pending is LJAX's motion to dismiss.  For the following reasons the EEOC's complaint will be dismissed without prejudice.

I.   Background

On February 3, 2006, Travis Moore, a former LJAX employee, filed a charge of discrimination against LJAX with the EEOC.  Plaint.'s Opp. to Def.'s Mot. to Dismiss, p. 1-2.  Moore alleged that he had been sexually harassed by an assistant manager in August 2004, and fired after he reported the incident to the franchise owner.  Compl., ¶ 7-8.

Following an investigation, the EEOC issued a Letter of Determination on February 14, 2006, indicating that there was a "reasonable cause" to believe that discrimination had occurred and offering to resolve the matter through informal conciliation. Def.'s Mot. to Dismiss, Ex. 1.  In order to resolve the matter, the EEOC proposed that LJAX, *inter alia,* provide its employees with additional training, establish an effective complaint procedure for employees, and pay Moore up to $50,000 in compensatory damages.  *Id* at Ex. 2.

On February 28, 2006, LJAX responded, offering to comply with the majority of the EEOC's proposals, but offering only $1,000 in compensatory damages.  *Id* at Ex. 4.  On the same day, the EEOC informed LJAX that the conciliation process had been unsuccessful and that further efforts would be futile.  *Id* at Ex. 5.  On March 28, 2006, the EEOC filed suit in this Court.

II. Analysis

LJAX has moved to dismiss the EEOC's complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  LJAX argues that the EEOC failed: 1) to attempt conciliation for 30 days; and 2) make a good-faith effort at conciliation.

Title VII requires the EEOC to attempt to resolve employment discrimination disputes by informal methods of conciliation prior

2

to filing suit.  42 U.S.C. § 2000e-5; *see also Equal Employment Opportunity Commission v. Radiator Specialty Company,* 610 F.2d 178 (4th Cir. 1979).  Conciliation efforts must last at least thirty days.  42 U.S.C. § 2000e-5; *see also Equal Employment Opportunity Commission v. Odd Fellows Home of Virginia,* 2005 WL 1950185, slip op. (W.D.Va. 2005) *Equal Employment Opportunity Commission v. Optical Cable Corporation*, 169 F.Supp.2d 539 (W.D.Va. 2001).

The EEOC invited LJAX to engage in the conciliation process on February 14, 2006 and notified LJAX that further conciliation efforts were futile on February 28, 2006.  Def's Mot. to Dismiss, Ex. 1,5.  As the conciliation process lasted fewer than thirty days[1], the EEOC failed to satisfy Title VII's requirements prior to filing suit.  Accordingly, the EEOC's complaint will be dismissed without prejudice.


<u>July 10, 2006</u>                            <u>        /s/              </u>
Date                                    William D. Quarles, Jr.
                                        United States District Judge

---

[1] Although § 2000e-5(f) does not specify when the thirty day conciliation period begins and ends, courts have held that the period begins when the EEOC's invites the defendant to participate in the conciliation process and ends with the EEOC's notice that further efforts would be futile.  *See Odd Fellows,* 2005 WL 1950185; *Optical Cable*, 169 F.Supp.2d 539.