```
        IN THE UNITED STATES DISTRICT COURT FOR
       THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                 *
EQUAL EMPLOYMENT OPPORTUNITY
     COMMISSION                  *

     Plaintiff                   *
                                         CIVIL NO.: WDQ-06-0800
v.                               *

LJAX, INC., t/a SUBWAY           *

     Defendants                  *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

Memorandum Opinion

The Equal Employment Opportunity Commission (the "EEOC") sued LJAX Inc., ("LJAX") for engaging in unlawful employment practices in violation of § 703(a)(1) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-5(f)(1) and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).  Pending is the EEOC's motion for reconsideration of the Court's July 10, 2006 order dismissing the complaint.  For the following reasons, the motion will be denied.

I.   Background

On February 3, 2006, Travis Moore, a former LJAX employee, filed a charge of discrimination against LJAX with the EEOC. Moore alleged that he had been sexually harassed by an assistant manager in August 2004, and fired after he reported the incident to the franchise owner.

Following an investigation, the EEOC issued a Letter of Determination on February 14, 2006, indicating that there was a "reasonable cause" to believe that discrimination had occurred and offering to resolve the matter through informal conciliation. In order to resolve the matter, the EEOC proposed that LJAX provide its employees with additional training, establish an effective complaint procedure for employees and pay Moore up to $50,000 in compensatory damages.

On February 28, 2006, LJAX responded, offering to comply with the majority of the EEOC's proposals, but offering only $1,000 in compensatory damages. On the same day, the EEOC informed LJAX that the conciliation process had been unsuccessful and that further efforts would be futile.

On March 28, 2006, the EEOC filed suit in this Court. On July 10, 2006, the Court granted the Defendant's motion to dismiss for lack of subject matter jurisdiction on the grounds that the EEOC did not allow the conciliation process to last thirty days before filing suit and thus failed to satisfy Title VII's requirements. The EEOC has moved for reconsideration of the Court's order.

II. Analysis

As it is not clear whether the EEOC's motion is based on Federal Rule of Civil Procedure 59(e) or 60(b), the court will address the standards of both.

2

Under Federal Rule of Civil Procedure 59(e), a court may grant a motion for reconsideration to: 1) accommodate an intervening change in controlling law; 2) account for new evidence previously unavailable; or 3) correct a clear error of law or prevent manifest injustice.  *Bogart v. Chapell,* 396 F.3d 548 (4th Cir. 2005).

A court may amend a final judgment under Rule 60(b) because of, *inter alia*: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence; 3) fraud, misrepresentation, or other misconduct of an adverse party; or 4) any other reason justifying relief from the operation of the judgment.  Fed. R. Civ. P. 60(b).

The EEOC has moved for reconsideration of the Court's order, arguing that the Court relied on other courts' erroneous readings of the statute.  The EEOC's argument is, at its base, a disagreement with the Court's reading of applicable case law.  The decisions cited in the Court's memorandum opinion accompanying the order support this Court's interpretation of the statute to require a 30 day conciliation period.  *E.E.O.C. v. Optical Cable Corp.*, 169 F.Supp.2d 539, 543-44 (W.D. Va. 2001); *E.E.O.C. v. Odd Fellows Home of Virginia, Inc.*, 2005 WL 1950185, *3 (W.D. Va. 2001).  Mere disagreement with either applicable case law, or with this Court's interpretation, is not proper grounds for reconsideration.

III. Conclusion

    For the reasons stated above, the EEOC's motion for reconsideration will be denied.

<u>October 20, 2006</u>　　　　　　　　　　　　　<u>      /s/              </u>
Date　　　　　　　　　　　　　　　　　William D. Quarles, Jr.
　　　　　　　　　　　　　　　　　　　United States District Judge